**In re AMERICAN ATOMICS CORPORATION, Debtor.**

**Bankruptcy No. 79–00825.**

United States Bankruptcy Court, D. Arizona.

Jan. 18, 1980.

Robert M. Struse, DeConcini, McDonald, Brammer, Yetwin & Lacy, P. C., Tucson, Ariz., for Tucson Unified School District No. One.

Patricia Wendel, Mesch, Marquez & Rothschild, P. C., Tucson, Ariz., for debtor Corporation.

## MEMORANDUM ORDER

WILLIAM A. SCANLAND, Bankruptcy Judge.

Tucson Unified School District No. One of Pima County filed a motion that it or its representative be appointed to the Creditors' Committee in these proceedings. The motion came on for argument on January 16, 1980, at 9:30 A.M. Tucson Unified School District No. One of Pima County has a contingent claim for damages against the debtor and an action for such damages has been filed in the Superior Court of the State of Arizona in and for the County of Pima. The school district admitted in its memorandum supporting its motion that it is a governmental agency.

11 U.S.C. § 1102(a) of the Reform Bankruptcy Code provides that the Bankruptcy

Court can appoint a Creditors' Committee of persons that hold the seven largest claims against the debtor if they are willing to serve.

A "person" is defined under Section 101(30) as follows: ". . . 'person' includes individual, partnership, and corporation" but does not include governmental units. Section 101(21) defines a governmental unit as United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency or instrumentality of the United States, a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

House Report No. 95–595 of the 95th Congress concludes, "the Court is restricted to the appointment of persons in order to exclude governmental holders of claims and interest."

For such reasons, the motion of Tucson Unified School District No. One of Pima County is denied.