**In the Matter of The MANSFIELD TIRE & RUBBER COMPANY, Debtor.**

**The MANSFIELD TIRE & RUBBER COMPANY, Appellant,**

**v.**

**PENSION BENEFIT GUARANTY CORPORATION, Appellee.**

**Bankruptcy No. C81–253A.**

United States District Court,
N.D. Ohio, E.D.

Sept. 13, 1983.

Joseph Patchan, Susan B. Collins, R. Jeffrey Harris, Baker & Hostetler, Cleveland, Oh., for appellant.

Ronald R. Towne, Guy, Mentzer & Towne, Akron, Ohio, David R. Levin, Washington, D.C., for appellee.

## MEMORANDUM OF OPINION AND ORDER

KRENZLER, District Judge.

This is an appeal from an order of the Bankruptcy Court denying the debtor's application to vacate the appointment of the Pension Benefit Guarantee Corporation (hereinafter PBGC) to the unsecured creditors' committee, appointed pursuant to 11 U.S.C. § 1102. This appeal was filed on January 21, 1981, and was transferred to this Court on December 29, 1981.

The facts which give rise to the instant appeal are as follows. On October 1, 1979, the debtor, Mansfield Tire & Rubber Company (hereinafter MTR), filed a petition for reorganization relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101 et seq. Pursuant to Interim

Bankruptcy Rule 1007, MTR filed a list of its 10 largest unsecured creditors. PBGC, the holder of one of the largest claims, was included in this list. On October 18, 1979, as required by 11 U.S.C. § 1102, the Bankruptcy Court appointed an unsecured creditors' committee, choosing five of the creditors named in the list. PBGC was one of those chosen.

On May 16, 1980, MTR, the debtor, filed an application with the Bankruptcy Court to vacate the appointment of PBGC to the creditors' committee. In its application to vacate, MTR argued that, by the terms of § 1102, PBGC is not eligible to serve on the committee because it is a governmental unit. It is undisputed that PBGC is a wholly-owned government corporation which serves as trustee for the debtor's pension plan under the provisions of 29 U.S.C. § 1342, the Employee Retirement Income Security Act (ERISA).

The Bankruptcy Court disagreed with the debtor's interpretation of 11 U.S.C. § 1102 as excluding the appointment of governmental units to the committee. Accordingly, on January 14, 1981, the Bankruptcy Court denied MTR's application to vacate. It is from this order that MTR now appeals.

The sole issue before this Court is whether the PBGC, an admitted governmental unit, is eligible to serve on an unsecured creditors' committee appointed pursuant to 11 U.S.C. § 1102(a)(1).

The statutory scheme giving rising to this issue is as follows.

Title 11 of the United States Code, Section 1102(a)(1) authorizes the appointment by the court of a creditors' committee:

> As soon as practicable after the order for relief under this chapter, the court shall appoint a committee of creditors holding unsecured claims.

Section 1102(b)(1) describes the composition of this committee:

> A committee of creditors appointed under subsection (a) of this section shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor of the kinds represented on such committee, or of members of a committee organized by creditors before the order for relief under this chapter, if such committee was fairly chosen and is representative of the different kinds of claims to be represented. (emphasis added).

"Person" is defined in 11 U.S.C. § 101(30) to mean an "individual, partnership, and corporation, but does not include governmental units." (emphasis added). "Governmental unit" is defined in 11 U.S.C. § 101(21) as including, inter alia, "United States ... department, agency, or instrumentality of the United States." PBGC does not dispute that it fits within this definition of governmental unit.

The Notes of the Committee on the Judiciary, House Report No. 95–595, explain the congressional intent behind 11 U.S.C. § 1102(b)(1):

> Subsection (b) contains precatory language directing the court to appoint the persons holding the seven largest claims against the debtor of the kinds represented on the creditors' committee, or the members of a prepetition committee organized by creditors before the order for relief under Chapter 11. The court may continue prepetition committee members only if the committee was fairly chosen and is representative of the different kinds of claims to be represented. *The court is restricted to the appointment of persons in order to exclude governmental holders of claims or interests.* (emphasis added).

MTR argues that the foregoing statutory scheme and legislative comments clearly exclude governmental entities such as PBGC from serving on the unsecured creditors' committee.

The Bankruptcy Court, however, rejected MTR's argument. Rather, the Bankruptcy Court found that § 1102 does not exclude governmental entities from serving on unsecured creditors' committees and that, in any event, PBGC is not the holder of "claims and interests" as envisioned by the House Committee notes. In reaching these conclusions, the Bankruptcy Court reasoned that (1) as used in § 1102(b)(1)'s de-

scription of the committee's composition, the word "ordinarily" refers to "persons" as well as to the size of the committee, and (2) to restrict the first clause of § 1102(b)(1) to "persons," thus excluding governmental entities, would render the second clause meaningless.

For the reasons that follow, this Court does not agree with the Bankruptcy Court's interpretation of § 1102(b)(1). Rather, this Court finds that both the literal language of the statute and its legislative intent as reflected in the House Committee notes require the exclusion of governmental units from the unsecured creditors' committee.

At the outset, this Court notes that the only reported case interpreting § 1102(b)(1) is *In re American Atomics Corporation,* 2 B.R. 526, 1 C.B.C.2d 539, 5 B.C.D. 1303 (Bkrtcy.1980). In *Atomics,* the court ruled that a school district which sought to be appointed to a creditors' committee was not eligible because it was a governmental unit, and not a "person" for purposes of 11 U.S.C. § 1102. The *Atomics* court pointed out that the legislative history specifically states that the court was restricted to the appointment of "persons" in order to exclude governmental units.

Similarly, in 5 Collier on Bankruptcy, ¶ 1102.01, n. 1 (15th ed. 1982), it is noted that:

> Section 101(30) defines "person" to include individuals, partnerships, and corporations ... and to exclude "governmental units" .... Although a governmental unit may be a "creditor," such entity is not eligible for appointment to a committee appointed under section 1102 or 151102 ....

The clause "shall ordinarily consist of persons ... that hold the seven largest claims against the debtor" refers either to the ordinary size of the committee or the persons ordinarily eligible to serve. Nothing in this clause indicates that the committee will usually consist of persons, but may alternatively consist of non-persons. Moreover, even if the literal language could be construed as meaning that non-persons such as government entities may serve on

the committee, the House Committee note clearly negates that interpretation. The House Committee's statement that "the court is restricted to persons to exclude governmental holders of claims and interests" plainly refutes any interpretation of 1102(b)(1) which would allow governmental entities to serve on the committee.

The Bankruptcy Court, however, circumvented the House Committee note by reasoning that PBGC, as trustee for pension funds, "would not appear to be a holder of 'claims or interests' which the draftsmen apparently wished to exclude from committee membership." This Court is not in accord with this reasoning. It is the character of PBGC as a government claimant, and not the character of the claim it asserts, which determines its eligibility to serve on the creditors' committee. The fact that the PBGC is asserting a claim as trustee of the debtor's pension plan does not change its status as a claimant which is a governmental unit.

The Bankruptcy Court's reasoning that restricting the first clause of § 1102(b)(1) to "persons" would render the second clause meaningless, is also unwarranted. The Bankruptcy Court found:

> Moreover to so narrowly construe committee membership would defeat the second clause of section 1102(b)(1) which allows the court to appoint to the committee "members of a committee organized by creditors before the order for relief under this chapter ..." which might very well consist of members other than as defined through debtor's interpretation of the Code.

Contrary to this reasoning, the conclusion that only "persons" may be appointed to the creditors' committee under § 1102(a) is not inconsistent with the second clause of § 1102(b)(1). This second clause only shows that § 1102(b)(1) "establishes different criteria for committees of claimants appointed prior to the entry of the order for relief under chapter 11" and does not alter the statutory mandate that only "persons" may serve on a creditors' committee.

5 Collier on Bankruptcy, ¶ 1102.10[2] (15th ed. 1980).

Accordingly, the Bankruptcy Court's decision denying debtor's application to vacate the appointment of PBGC to the creditors' committee is reversed. The case is remanded to the Bankruptcy Court for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.