**In re VTN, INC., Debtor.**

**Bankruptcy No. 86–01422–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida.

Sept. 29, 1986.

Harold L. Segal, Beveridge & Diamond, P.C., Washington, D.C., for Malden Public Service Dist.

Laurel M. Isacoff, Squire, Sanders & Dempsey, Miami, Fla., for VTN, Inc.

## ORDER DENYING MEMBERSHIP OF THE MALDEN PUBLIC SERVICE DISTRICT ON THE UNSECURED CREDITORS COMMITTEE

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court on September 4, 1986 upon the creditor Malden Public Service District's Motion for Membership on the Committee of Unsecured Creditors made pursuant to 11 U.S.C. §§ 1102(b)(1) and 1102(c) and Bankruptcy Rule 9013 and the Court having examined the evidence presented, considered the arguments of counsel and being otherwise fully advised in the premises does hereby find the following:

■ The Malden Public Service District ("MPSD") is a governmental unit and as such is not permitted to serve upon the committee of unsecured creditors. *See Mansfield Tire & Rubber Co. vs. Pension Benefit Guaranty Corp.*, 39 B.R. 974 (N.D. Ohio 1983); In re *Baldwin-United Corp.*, 38 B.R. 802, 806 (Bankr.S.D. Ohio 1984); and In re *American Atomics Corp.*, 2 B.R. 526 (Bankr.D.Ariz.1980). Pursuant to 11 U.S.C. § 1102(b)(1) a creditors' committee "shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor...." A person, as defined in 11 U.S.C. 101(33), specifically excludes a governmental unit from its definition unless it is a governmental unit that "acquires an asset from a person as a result of the operation of a loan guarantee agreement or as receiver or liquidating agent of a person." Clearly from the plain language of the statute, MPSD cannot be considered a person who may serve as a member of the committee of unsecured creditors. Additionally, MPSD does not fall within the exception to the definition of the word "person" to enable it to serve on the committee although it is a governmental unit as there is no indication to the Court that it acquired an asset from a person as a result of the operation of a loan guarantee agreement or as receiver or liquidating agent of a person.

■ MPSD argues that while it was created by resolution of the County Commission of Kanawka County, West Virginia, it is analogous to a private corporation that contracts with the government to operate a profit making sewage plant and therefore performs no governmental function. However, the mere fact that a private corporation could have been hired to operate the plant is unpersuasive in this case. The County chose not to offer a contract to a private corporation, but instead created a special public service district to perform the function thereby bringing MPSD within the meaning of governmental unit as contemplated by the Bankruptcy Code.

■ MPSD advances a substance over form argument when it states it performs proprietary and not governmental functions. However, a governmental claimant in *Mansfield Tire*, 39 B.R. 974 (N.D.Ohio 1983) unsuccessfully argued a similar position. The Court in *Mansfield Tire*, responding to the lower court's reasoning that the claimant, although a governmental unit, should be permitted to serve on the committee because it was asserting a claim as trustee of the debtor's pension plan,

stated that the character of the claimant as a governmental unit, and not the claim it asserts, is the determinative factor for eligibility to serve on the committee. *Mansfield Tire,* 39 B.R. at 976. The Court further found that even though the claimant was "asserting a claim as trustee of the debtor's pension plan" it did not "change its status as a claimant which was a governmental unit." *Mansfield Tire,* 39 B.R. at 976.

The reasoning in *Mansfield Tire* is applicable in the case at bar and this Court adopts that reasoning. Simply because MPSD performs proprietary functions instead of purely governmental functions is insufficient to change its character from a governmental unit to a "person" within the meaning of the Bankruptcy Code. MPSD was created by resolution to perform functions that were necessary for a new governmental subdivision to perform.

MPSD's seeks comfort in its reliance on In re *Lion Capital Group,* 44 B.R. 684 (Bankr.S.D.N.Y.1984) to support their counter-argument that governmental units have been permitted to be members of creditor committees in other bankruptcy cases. Such reliance is misplaced. The circumstances of the *Lion Capital Group* case were unique and unlike the facts of the case at bar. A Special Committee was created in *Lion Capital Group* with the governmental unit and the general unsecured creditors as members. The Special Committee was formed because of the high percentage of government claims and the inability of the United States Trustee to form an official creditors committee. *Lion Capital Group,* 44 B.R. at 686. In the present case, MPSD is by far the largest creditor but, unlike in the *Lion Capital Group* case, there have been no impediments in the formation of an official creditors committee, therefore, it is:

ORDERED and ADJUDGED that the Motion for Membership on the Committee of Unsecured Creditors By Malden Public Service District is denied.